IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE, AT KNOXVILLE

FILED
FEB 15 2011
Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

DONOVAN JOSEPH POSTICH, and wife, )
DIANE JENESE POSTICH, )
  )
Plaintiffs, )
  )
v. )   No. 3:11-CV-75
  )   Phillips/Shirley
TRIAD-GROUP, INC., )
TRIAD PHARMACEUTICALS, INC., )
GENENTECH, INC., and GENENTECH, USA, INC., )
  )
Defendants. )

## COMPLAINT

COMES now Plaintiffs, Donovan Joseph Postich and wife, Diane Jenese Postich, by and through counsel, and files suit against the Defendants, Triad-Group, Inc., Triad Pharmaceuticals, Inc., Genentech, Inc., and Genentech, USA, Inc., and for cause of action would show unto the Court the following:

1. That the Plaintiffs, Donovan Joseph Postich and wife, Diane Jenese Postich, reside at 770 Scenic River Road, Madisonville, Tennessee 37354.

2. That Defendant Triad-Group, Inc., is a Wisconsin corporation, who directs its products into Tennessee and who has designated Donna L. Petroff, 700 West North Shore Dr., Hartland, Wisconsin 53029, as its agent for service of process.

3. That the Defendant Triad Pharmaceuticals, Inc., is a Hartland, Wisconsin corporation, whose agent for service is Donna L. Petroff, 700 West North Shore Dr., Hartland, Wisconsin 53029.

4. That the Defendant Genentech, Inc., and Genentech, USA, Inc., are Delaware

Page 1 of 6

corporations with principal places of business in S. San Francisco California 94080, and whose designated agent for service of process is Corporation Service Company, 2730 Gateway Oaks Drive, Suite 100, Sacramento, California 95833.

5. That jurisdiction exists by virtue of 28 U.S.C. § 1332(a)(1), Diversity of Citizenship as all Defendants are citizens of different states, and more than $75,000.00 at issue.

6. That the Defendant Triad Group, Inc., was at all times material a manufacturer and seller of sterile and non-sterile alcohol pads which were introduced into the stream of commerce during 2010, and at all times relevant to the allegations made herein.

7. That the Defendant Genentech, Inc., was at all times material a distributor of alcohol pads manufactured by Defendant Triad-Group, Inc., and Triad Pharmaceuticals, Inc., and did in fact distribute to Plaintiffs the Triad alcohol pads at issue herein.

8. That on September 9, 2010, the Plaintiffs received medical supplies shipped by the Defendant Genentech to Plaintiffs' residence, which included alcohol swabs.

9. The alcohol swabs were intended to be used prior to self-injections, as prescribed, for administration of medication for treatment of hepatitis, acquired as a result of a blood-transfusion following a 1979 automobile accident.

10. That the alcohol swabs included in the package received from Genentech, Inc., included alcohol swabs manufactured by the Defendant Triad-Group.

11. That the Plaintiff began using the medical supplies on September 10, 2010.

12. That the Plaintiff Joe Postich used the alcohol swabs as intended on a weekly basis to clean and prepare for his weekly injection of Pegasys (peginterferon alfa-2a), as prescribed.

13. That Joe Postich had been employed since July 16, 2001 for the International

Association of Bridge, Structural and Ornamental Iron Workers Local 384 in Knoxville Tennessee.

14. That Joe Postich first began to feel sick during late September and he went to see attending primary care physician in Madisonville, Tennessee during October 2010 including Dr. Tracey Beverley and Dr. Ken Kowaza.

15. That Joe Postich's health slowly declined until he was short of breath, and sick with delirium such that his wife summoned an ambulance and he was taken to Sweetwater Hospital on November 22, 2010, for a nine-day admission.

16. That following his admission and discharge, the Plaintiff returned home for 12 days and returned to Sweetwater Hospital emergency room on December 15, 2010, at Sweetwater Hospital, he was initially diagnosed with pneumonia and by December 18 was diagnosed with the bacterium *bacillus cereus* with cardiac complications and was transferred to the University of Tennessee Medical Center, Heart-Lung Vascular Institute.

17. That following his admission to UT Medical Center he was diagnosed wtth endomyocarditis, a known complication of the bacteria bacillus cereus, the Plaintiff Joe Postich was required to undergo open-heart-surgery for the replacement of two heart valves damaged by the aforementioned infection.

18. That as a direct and proximate result of the aforementioned infection, the Plaintiff will be required to continue to seek cardiac treatment for the remainder of his lifetime.

19. That as a direct and proximate result of the aforementioned infection, the Plaintiff has been caused to lose time from his employment, and is not expected to be able to return to gainful employment and has lost income and will lose income in the future, and has lost capacity to earn an income.

20. That as a direct and proximate result of the aforementioned infection, the Plaintiff suffered severe emotional distress as a result of nearly dying on two occasions, fearing for his life, worrying about his recovery and the sudden cause of his illness.

21. That as a direct and proximate result of the aforementioned infection, the Plaintiff Joe Postich has suffered significant physical pain and discomfort as a result of the valve-replacement surgery, though he is continuing to hope for a full recovery and resumption of his normal activities.

22. That as a result of the infection, the Plaintiff Joe Postich has been unable to enjoy a normal life and will sustain an impairment of his normal life for the foreseeable future.

23. That the Plaintiff, Diane Jenese Postich, has suffered severe emotional distress as a result of the injury to her husband, and sustained the loss of consortium, society, care and comfort of her husband as a direct and proximate result of the aforementioned infection.

24. That at all material times the Defendants Triad-Group, Inc., and Triad Pharmaceuticals, Inc., owed a duty of reasonable care in manufacturing in a reasonable safe and sterile manner, in designing, testing and inspecting its products, including its sterile and non-sterile alcohol patches, which it knew or had reason to know were being distributed to individuals who were using the swabs for pre-injection sterilization, which Defendant failed to do.

25. That at all material times the Defendants Triad-Group, Inc., and Trial Pharmaceuticals owed a duty not to introduce into the stream of commerce, including Tennessee, products which are defective or unreasonably dangerous to the consumer and may be liable to Plaintiffs under the Tennessee Products Liability Act, as codified at T.C.A. § 29-28-101, et seq.

26. That at all times material the Defendants Triad-Group, Inc., and Triad Pharmaceuticals, Inc., owed a duty to use best manufacturing practices to manufacture alcohol swabs in sterile

conditions and to comply with the Federal Food, Drug and Cosmetics Act, and the regulations of the Food and Drug Administration as codified in the Code of Federal Regulation, Title 21, and its various Parts and Subparts, as applicable.

27. That the Defendants Triad-Group, Inc., and Triad Pharmaceuticals, Inc., as manufacturer of Triad alcohol swabs intended for use as a pre-injection sterilization, is subject to the jurisdiction of the Food and Drug Administration.

28. That all "lots" of the alcohol swabs as manufactured by the Defendants Triad-Group, Inc., and Triad Pharmaceuticals, Inc., during 2010 have been the subject of administrative action by the Food and Drug administration, including on January 5, 2011, a voluntary recall of alcohol swabs manufactured by Triad due to adulteration by the bacterium *bacillus cereus*.

29. That the Defendants Triad-Group, Inc., and Triad Pharmaceuticals, Inc., have a duty to manufacture medical products which are not adulterated with bacterium, and have a duty to warn the medical community and the consumer as soon as it knows its products may be adulterated or harmful and/or dangerous.

30. That the Defendants Triad-Group, Inc., and Triad Pharmaceuticals, Inc., failed to adequately inform the medical community or the public of the danger associated with alcohol swabs when it first learned of the presence of the bacteria within its manufacturing plant and/or its products.

31. That the Defendants Triad-Group, Inc., and Triad Pharmaceuticals, Inc., recklessly disregarded the rights of consumers, and specifically Joe Postich, when they manufactured a product which it knew or should have known was unreasonably dangerous for its intended use, and failed to undertake and warn physicians of the bacterium as soon as Defendants knew of the presence of the bacterium, or issue a voluntary recall, unjustifiably exposing Plaintiff to an unreasonable risk of

injury such that Defendants Triad-Group, Inc., and Triad Pharmaceuticals, Inc., should be liable for punitive damages.

32. That Defendants Genentech, Inc., or Genentech, USA, Inc., owed a duty to inspect distribution of the Triad alcohol patches, to inspect products which it has reason to know may be adulterated, and has a duty to use reasonable care to warn of a products danger and to reveal the unsafe condition, when the distributor first has reason to know of the intended use and that a product may be dangerous to the user.

33. That Defendants Genentech, Inc., or Genentech, USA, Inc., failed to notify Plaintiff when it knew or should have known of the dangerous bacterium present in the Triad Alcohol Patch.

34. That as a direct and proximate cause of the failures of the defendants to adequately discharge the aforementioned duties in paragraphs 25-33, the plaintiffs sustained harms and losses as aforementioned and sue for compensation for said harms and losses

**WHEREFORE**, premises considered, Plaintiff Donovan Joseph Postich sues the Defendants for the sum of Fourteen Million Dollars ($14,000,000.00), and Plaintiff Diane Janese Postich sues the Defendants for the sum of One Million Dollars ($1,000,000.00) and for punitive damages in the amount of Fifteen Million Dollars ($15,000,000.00) or an amount determined by a jury to adequately deter the reckless conduct aforementioned, and Plaintiffs demand a trial by jury.

Respectfully submitted this 15[h] day of February, 2011.

s/ *W. Richard Baker Jr.*
W. RICHARD BAKER, JR. (013152)
Attorney for Plaintiffs
550 Main Street, Suite 600
PO Box 1481
Knoxville, TN 37901-1481
865.633.6066 phone   865.633.6068 fax

Page 6 of 6

Case 3:11-cv-00075   Document 1   Filed 02/15/11   Page 6 of 6   PageID #: 6

injury such that Defendants Triad-Group, Inc., and Triad Pharmaceuticals, Inc., should be liable for punitive damages.

32. That Defendants Genentech, Inc., or Genentech, USA, Inc., owed a duty to inspect distribution of the Triad alcohol patches, to inspect products which it has reason to know may be adulterated, and has a duty to use reasonable care to warn of a products danger and to reveal the unsafe condition, when the distributor first has reason to know of the intended use and that a product may be dangerous to the user.

33. That Defendants Genentech, Inc., or Genentech, USA, Inc., failed to notify Plaintiff when it knew or should have known of the dangerous bacterium present in the Triad Alcohol Patch.

34. That as a direct and proximate cause of the failures of the defendants to adequately discharge the aforementioned duties in paragraphs 25-33, the plaintiffs sustained harms and losses as aforementioned and sue for compensation for said harms and losses

**WHEREFORE**, premises considered, Plaintiff Donovan Joseph Postich sues the Defendants for the sum of Fourteen Million Dollars ($14,000,000.00), and Plaintiff Diane Janese Postich sues the Defendants for the sum of One Million Dollars ($1,000,000.00) and for punitive damages in the amount of Fifteen Million Dollars ($15,000,000.00) or an amount determined by a jury to adequately deter the reckless conduct aforementioned, and Plaintiffs demand a trial by jury.

Respectfully submitted this 15[h] day of February, 2011.

s/ *W. Richard Baker Jr.*
W. RICHARD BAKER, JR. (013152)
Attorney for Plaintiffs
550 Main Street, Suite 600
PO Box 1481
Knoxville, TN 37901-1481
865.633.6066 phone   865.633.6068 fax